(126 So. 545)

**LA SALLE REALTY CO. OF LOUISIANA, Inc., v. CITY OF NEW ORLEANS.**

No. 30053.

Feb. 3, 1930.

Rehearing Denied March 5, 1930.

---

[1] Ante, p. 582.

Theo. Cotonio, of New Orleans, for appellant.

Bertrand I. Cahn, City Atty., and Francis P. Burns, Asst. City Atty., both of New Orleans, for appellee.

Emile Pomes and Charles J. McCabe, both of New Orleans, for interveners Louis F. Barbier and others.

H. W. Robinson and Howell Carter, Jr., both of New Orleans, for intervener Mrs. Bessie Copland.

BRUNOT, J.

This is an injunction suit. The petition alleged that plaintiff is the owner of the following described property, viz.:

"A certain portion of ground in the Sixth District of the City of New Orleans, in that part thereof designated as State Street Drive, lower side, measuring forty-five front on State Street by one hundred and twelve feet

in depth, composed of the whole of lot #118 and the half of lot #117, next adjoining."

It is alleged that plaintiff acquired title to the property by purchase, at a sale made by the state tax collector, in 1921, for unpaid taxes assessed against it for the year 1920. It is alleged that the city of New Orleans has advertised the property for sale for delinquent taxes claimed to be due thereon for the year 1926 and for a paving lien claimed to be due thereon for the year 1924. It is alleged that the proposed tax sale is null and void because the property was not assessed in the name of the plaintiff, its owner, but in the name of the Southern Development Company, its former owner, who was divested of title thereto by the sale thereof to plaintiff for the unpaid taxes due thereon for the year 1920. The legality of the paving assessment is attacked, but, if it is found to be due, prescription is pleaded as a bar to its recovery. The concluding averments and prayer of the petition are such as are usually found in pleadings of this character.

The city of New Orleans was ordered to show cause, on a day fixed, why a preliminary injunction should not issue. When the rule to show cause came on to be heard, it was submitted on the face of the petition and an injunction pendente lite issued. Thereafter the defendant answered the suit and reconvened therein. The answer denies the plaintiff's alleged ownership of the property. It admits that the property was assessed and advertised for sale as alleged in the petition, but it avers that the property is now and has been public property, not subject to taxation or liens of any kind, for several years prior to the plaintiff's alleged acquisition of it, and, alternatively, if it be held not to be a locus publicus, then its assessment for state and city taxes was legal, and the assessment of it in the name of a person not its true owner does not affect the right of the state and city to reassess it properly; and, as plaintiff in reconvention, in the event only that this court finds the property involved in this suit to be private property, it asks for a judgment upon its reconventional demand ordering the reassessment of the property for the year 1926 and the intervening subsequent years. The prayer is in accordance therewith.

A number of owners of property along State Street drive and S. Tonti street (formerly Hopkins street) intervened in the suit, joined the city of New Orleans in opposing the plaintiff's demands, and pray for judgment in their favor and against the plaintiff, declaring S. Tonti (formerly Hopkins) street, from State Street drive to Nashville avenue, a public street and sidewalk, properly dedicated and used as such since 1916; and decreeing the assessment and sale of any part thereof since 1916 to be null and void.

A supplemental petition, an exception of vagueness, an exception of no cause of action, answers to the petitions of interveners, and a motion to strike out were filed and disposed of, but consideration of these pleadings will not be helpful to the court in determining the real question at issue, viz., whether or not the property described in the petition is public property.

The district judge held that it is, and that it was public property at the time and prior to the sale of it for the nonpayment of taxes assessed against it for the year 1920, and that the plaintiff, as the adjudicatee of the property, at that sale, acquired no title to it by that adjudication. Judgment was rendered accordingly, and plaintiff appealed.

■■ We find, from the record, that on December 24, 1913, the Interstate Land Company acquired from the Yreka Realty Com-

pany the entire tract of land known as State Street drive subdivision, and that the property in dispute is a part of that subdivision. We find that on April 16, 1914, the Interstate Land Company caused its property along each side of State Street drive to be subdivided into lots numbered consecutively from 1 to 154, with no intersecting streets. We find that the lots were assessed according to a plat of the survey of the subdivision. We find that on December· 9, 1915, the Interstate Land Company acquired a tract of land adjoining the State Street drive subdivision, but lying between State Street drive and Nashville avenue, which it designated Richardson court, and proceeded to develop this tract by opening a street through its State Street drive subdivision at lots 117 and 118, on the lower side of State Street drive and continuing this street through Richardson court to Nashville avenue. This street was first known as Hopkins`street, but it is now the continuation of Tonti street. It is shown that on March 25, 1916, the Interstate Land Company sold to the Security Building & Loan Association lot No. 116 and a part of lot No. 117, according to a plan attached to the act. This plan indicates that the property conveyed is on the lower side of State Street drive and Hopkins street. It is shown that on November 28, 1916, the Interstate Land Company sold to the Security Building & Loan Association a square of ground in Richardson court which is bounded, in the deed, on one of its sides by Hopkins street. It is shown that on October 5, 1916, the Interstate Land Company sold to Alexander Smith property in Richardson court bounded on one of its sides by Hopkins street. It is shown that Hopkins street bounds one of the sides of property sold by the Interstate Land Company to the Homestead Association on December 11, 1916. A photostatic copy of Richardson court subdi-

vision, made by the Interstate Land Company and attached to a power of attorney executed October 30, 1916, is in the record, and it indicates that Hopkins street extends from State Street drive to Nashville avenue. There is attached to an act of sale by the Interstate Land Company to the Pyramid Homestead, of lot No. 18 in block D, Richardson court, which is in the record, a certified extract from the minutes of a meeting of the board of directors of the Interstate Land Company, held August 18, 1917, which is a specific dedication of Hopkins street to public use, by formal resolution of the board. It is as follows:

"Resolved: That the President Joseph Lee Rhodes in transferring any lots on Richardson Court, or Nashville Avenue, between Burthe and Minturn be and hereby is authorized to dedicate for benefit of purchasers of said lots the following street to wit:

"Richardson Court, 28 feet, 6 inches in width throughout its length from Minturn Street to Burthe Street, and Hopkins Street, 45 feet in width throughout its length from Nashville Avenue to State Street Drive, are dedicated by Interstate Land Company as public streets for the use and benefit of the lots fronting on Richardson Court and Nashville Avenue."

In addition, it is shown that Hopkins street was physically opened in 1916, and has been actually used by the public since that time. Photographs in the record show that it is a maintained gravel roadway, with sidewalks, gutter curbing, catch-basin drains, fire plugs, telegraph and light poles, electric lights, and palm trees. The documentary and oral testimony and the physical indicia of the public character of the continuation of Tonti (formerly Hopkins) street convince us that the property involved in this suit is and has been

public property, first, by an implied dedication resulting from sales of property by the Interstate Land Company with reference to Hopkins street as one of the boundaries thereof, and, second, by the specific and exact dedication authorized by the resolution of the board of directors of that company adopted August 18, 1917, quoted supra. There is no sacramental form to be followed in dedicating property to public use. We do not understand that plaintiff contends that there is; neither does plaintiff contend that property dedicated to public use is taxable in any form. In plaintiff's supplemental petition estoppel was pleaded, but a motion to strike out the supplemental and amended petition was heard and sustained in the court below. We see no error in that ruling.

For the reasons stated the judgment appealed from is affirmed at appellant's cost.