ROGERS, J.
 

 The La Salle Realty Company of Louisiana, Limited, as the tax purchaser of certain property in the city of New Orleans sued to enjoin the municipality from selling the property for subsequent delinquent taxes and paving liens. The district court decided in favor of the city, and the judgment was affirmed on appeal to this court. La Salle Realty Co. of Louisiana, Ltd., v. City of New Orleans, 169 La. 1035, 126 So. 545. Shortly after the decision became final, the city of New Orleans filed a rule in the district court to tax its costs, amounting to $39.50. With the exception of $4.05, representing clerk’s costs, this amount was for costs expended in obtaining certified copies of various notarial acts.
 

 The receipted bills for the copies of the notarial acts were attached to the city’s rule as part. Each bill was for a lump sum. The realty company excepted to the rule, and objected to the introduction of the bills in evidence, on the ground the bills were not itemized, and were not in accordance with the Legislative act fixing notarial fees and charges. The exception and objection were both overruled, and the rule was made absolute. Whereupon, the realty company appealed, and the city answered the appeal, conceding that the judgment appealed from is erroneous, and suggesting it be reduced from $39.50 to $16.57.
 

 The appellant objects to the reduction of the judgment as suggested in appellee’s answer, and contends the rule should be dismissed in its entirety, at appellee’s cost.
 

 Appellant argues that the bills of the notaries do not make full proof of themselves, and that no oral testimony was adduced in support of appellee’s claim. But appellant does not dispute the identities nor the services of the parties rendering the bills. Its only complaint is as to their charges, which, appellant contends, are in excess of the fees allowed by law. Act No. 101 of 1870, § 10.
 

 Appellee has expressly admitted, in its answer to the appeal, the correctness of appellant’s contention that the amounts charged for the copies of the notarial acts exceed the fee hill
 

 
 *906
 
 The entire record of the proceedings containing the documents themselves was offered in evidence on the trial of the rule. Annexed to appellee’s answer to the appeal is a statement showing by actual count of the words what the charge of each notary should be for the copy of the notarial act furnished by him in accordance with the schedule of fees set forth in the statute. This statement shows the appellee’s claim, as corrected, is for notarial charges $12.52, and for costs of court, about which there is no dispute, $4.05, or a total of $16.57. Appellant does not seriously dispute the amount of appellee’s claim, as thus corrected. In fact, it expressly declares, in its brief, that, if the city of New Orleans had filed a rule showing the correct amount due it, no appeal would have been taken. In these circumstances, we see no reason why we should not reduce the judgment to the proper amount due by appellant, and thus terminate the litigation. But, since a substantial change is made in the judgment appealed from, the costs of the appeal must be borne by the appellee.
 

 For the reasons assigned, the amount of the judgment appealed from is reduced from $39.50 to $16.57; La Salle Realty Company of Louisiana, Limited, defendant in rule, to pay the costs of the district court; City of New Orleans, plaintiff in rule, to pay the costs of the appeal.