PONDER, Justice.
 

 The plaintiffs, Frank H. Ford and others, are seeking in this suit to cancel Ordinance No. 8 of 1942 of the City of Shreveport insofar as it affects and levies a paving assessment against their property. They are now appealing from a judgment of the lower court rejecting their demands.
 

 In March, 1941, the City of Shreveport inaugurated proceedings to pave Southern Avenue from St. Vincent’s Ave. to 59th St. On May 27, 1941, Ordinance No. 23 of 1941 was adopted, by the City, authorizing the paving under the provisions of Act No. 10 of 1896. The plaintiffs filed written protests against the adoption of the ordinance. The paving was completed and accepted. The City then adopted Ordinance No. 8 of 1942 levying assessments against the abutting property owners. The plaintiffs also enter'ed a written protest to this ordinance.
 

 The paving covers a distance of approximately 1.66 miles. However, plaintiffs’ property which abuts the street is. only a distance of 500 feet.
 

 The part of the street adjacent to the plaintiffs’ property was formerly owned by Mrs. Laura Sempe. Originally Mrs. Sempe owned 35 acres of land in the vicinity,, including the part of the street in controversy and the adjacent property owned by-the plaintiffs. On May 27, 1912, while-Mrs. Sempe was the record owner of the entire 35 acres of land, she granted a right-of-way 60 féet in width and 582.12 feet in length, which now forms that part of the-street adjoining the plaintiffs’ property, to-the Shreveport Traction Company. This, right-of-way deed is the subject of considerable dispute in this case. The dispute resolves itself to whether the deed conveys, the fee to the right-of-way or a mere-servitude.
 

 Subsequent to the granting of the right-of-way to the Shreveport Traction Company, W. T. Willis secured a judgment against Mrs. Laura J. Sempe decreeing; him the owner of a certain undivided interest in the 35-acre tract of land. On July 22, 1916, a partition was entered into between Mrs. Sempe and Willis whereby Willis received a portion of the land. There is some dispute as to whether he received the naked fee to the right-of-way previously granted the Shreveport Traction Company.
 

 Willis later transferred all the property-he received in the partition east of the-right-of-way to Albert C. Steere, ancestor of the plaintiffs’ title. The remainder of' the property he received in the partition he-sold to Cecil L. Bland. Miss Octavia Hun-
 
 *621
 
 ter acquired the property sold to Bland in a foreclosure proceeding. On June 12, 1941, Miss Hunter executed a deed dedicating to the City of Shreveport that part of the street involved in this suit.
 

 The plaintiffs contend that Mrs. Sempe has never parted with the fee of the part of the street lying adjacent to their property and that the fee still remains in her subject to the right-of-way previously granted to the Shreveport Traction Company, now the Shreveport Railways Company. In the alternative, the plaintiffs take the position that the Shreveport Traction Company owns the fee to this part of the street. In the further alternative, plaintiffs contend that the land forming this part of the street has never been legally dedicated.
 

 The City of Shreveport relies on the deed of Miss Hunter dedicating to it the land covered by this part of the street. The City contends in the alternative that if the fee to the land, covered by this part of the street, was the property of the Shreveport Railways Company at the time the paving was commenced, then, in that event, the City should now be decreed the owner of the land on the ground that there was an implied dedication.
 

 As we take it, the basis of the contentions advanced by the plaintiffs is to the effect that the City is attempting to tax their property for the payment of improvements placed on private property. The City’s position is that the property is owned by it, and it is therefore public property. Consequently, the controversy herein resolves itself to the question of whether the land forming the part of the street in dispute is public property or whether it is still owned by a private individual or individuals.
 

 From our appreciation of the record in this case, we see no necessity to go into a discussion of the various deeds in the record and determine whether the fee or a servitude was transferred. - The plaintiffs do not claim to be the owners of any part of the land appropriated for the street. If the City did not own the fee at the time it appropriated the property, it certainly owns it now after the paving has been laid, accepted, used by the public and acquiesced in by the previous owners.- From the inception of the appropriation of the land for the street until this day, there has been no protest made by anyone claiming to be the owner of this property. Furthermore, the record does not show that anyone other than the City claims to be the owner of the land appropriated for the street.
 

 If we were to accept the plaintiffs’ contention that Miss Octavia Hunter did not own the fee to the land she purported to dedicate to the City, it could afford the plaintiffs no relief for the reason that the City has appropriated the land and paved the street which is now being used by the public. If anyone owned this property at the time it was sought to be appropriated, he has sat by without any protest and has seen the work completed and accepted by the City and used by the public generally.
 

 The Common Law doctrine of implied dedication' is well recognized in this State. City of Shreveport v. Drouin, 41
 
 *623
 
 La.Ann. 867, 6 So. 656; Taylor v. New Orleans Terminal Co., 126 La. 420, 52 So. 562, 139 Am.St.Rep. 537; Arkansas-Louisiana Gas Co. v. Parker Oil Co., 190 La. 957, 183 So. 229; Gumbel v. New Orleans Terminal Co., 197 La. 439, 1 So.2d 686.
 

 Implied dedication operates by way of estoppel in pais by acceptance and use on the part of the public with the tacit consent of the owner. Arkansas-Louisiana Gas Co. v. Parker Oil Co., supra.
 

 The property was appropriated by the City with the tacit consent of the owners, if there were such, the pavement laid and the street used by the public generally. Under such circumstances, the owner would be precluded from reclaiming the property if he failed to object to the appropriation. If the property at the time of the appropriation was owned by anyone other than the City, he would be relegated to a claim for the value of the land. Taylor v. New Orleans Terminal Co., supra; Gumbel v. New Orleans Terminal Co., supra.
 

 The plaintiffs advanced the argument that statutes authorizing forced contributions are. stricti juris and that assessments can only be collected where a legally dedicated street abuts their property.
 

 Under the circumstances in this case, we have found that there is an implied dedication; the contention is therefore without merit.
 

 For the reasons assigned, the judgment of the lower court is affirmed at appellants’ cost.
 

 O’NIELL, C. J., concurs in result.