PONDER, Justice.
 

 In this suit the plaintiff sought to enjoin and restrain the City of New Iberia from paving that portion of Charles Street lying between Lee and Lewis Streets and for judgment cancelling from the public records certain paving liens and assessments. The case was tried on the merits and the lower court gave judgment in favor of the defendant, rejecting the plaintiff’s demands. The plaintiff has appealed.
 

 . The plaintiff executed a deed on April 4, 1931 conveying to the City of New Iberia a. right of way, as a connecting link of Charles Street, over a strip of land sixty feet wide beginning on the western boundary of its property where the same joins Charles Street, then running between parallel lines to the Eastern boundary of its property where the same again joins Charles Street, a distance of 423 feet more or less. On May 28, 1932 the plaintiff executed a correction deed wherein it was stated that it was not the intention of the plaintiff to include the clause “where the same joins again the said Charles Street.” The correction deed was executed in order that the right of way would run straight across plaintiff’s property instead of a curve which would be necessary as a connecting link to Charles Street.
 

 The evidence shows that a few years before 1931 the defendant caused the street to be opened across plaintiff’s property as a by-.pass while Main Street, situated one block away, was being paved. This right of way was lightly gravelled or shelled at that time. Thereafter the street was used by the public for traffic and maintained by the city. Prior to and at the time both deeds were executed, the street was being used and has continued to be used and maintained by the city without objection by the plaintiff except on one occasion when the plaintiff protested but took no active steps to prevent the use of the street.
 

 Plaintiff contends that the lower court erred in holding that there was a tacit dedication for the reason that there could be no tacit dedication when there existed a contractual dedication and that the use of the right of way over a period of years was merely permissive and cannot be said to evidence a dedication different from that shown in the deed. The plaintiff argues that the defendant cannot disregard its recorded and accepted contract and that the intention expressed in the contract is controlling between the parties to it. To support its contention plaintiff cites Torres v. Falgoust,
 
 37
 
 La.Ann. 497; and Bomar
 
 *469
 
 v. City of Baton Rouge, 162 La. 342, 110 So. 497.
 

 The case of Bomar v. City of Baton Rouge is not pertinent because the police jury never laid out the road and it was not shown that the road had ever been worked. A similar situation existed in the Falgoust case. Plaintiff also cites Brasseaux v. Ducote, La.App., 6 So.2d 769 and Collins v. Zander, La.App., 61 So. 2d 897, on the general proposition that a municipality can only acquire property for public use such as streets by direct purchase, by expropriation, or by dedication to public use. In the Ducote case the property in dispute was never considered a street and the inference is that it was never maintained as such. In the Zander case it was held that there was an implied dedication for the reason that the owner of the tract of land designated the walk in dispute when he subdivided and sold the land thereby creating a servitude of passage.
 

 The jurisprudence of this state appears to be well settled that where a street has been used and maintained by the city with the consent of the owner it creates an implied dedication of that street.
 

 In the case of Ford v. City of Shreveport, 204 La. 618, 16 So.2d 127, it was pointed out that the doctrine of implied dedication is well recognized in this state. City of Shreveport v. Drouin, 41 La.Ann. 867, 6 So. 656; Taylor v. New Orleans Terminal Co., 126 La. 420, 52 So. 562, 139 Am.St.Rep. 537; Arkansas Louisiana Gas Co. v. Parker Oil Co., 190 La. 957, 183 So. 229; Gumbel v. New Orleans Terminal Co., 197 La. 439, 1 So.2d 686. Implied dedication operates by way of estoppel in pais by acceptance and use on the part of the public with the consent of the owner. Arkansas-Louisiana Gas Co. v. Parker Oil Co., supra. The theory of all the decisions is that if there is no formal or statutory dedication there may be a dedication by implication consisting of the assent of the owner, by his silence, or otherwise, the use by the public and maintenance by the municipality. .In the present case there, was an appropriation by the city on account of the use by the public generally, the maintenance by the municipality and the acquiescence on the part, of the plaintiff. The fact that, the correction deed conveyed a different right of way is,of no moment in view of the acquiescence by the plaintiff in standing idly, by and permitting the use of the right of way and the city to maintain same without interference on its part.
 

 For the reasons assigned, the judgment is affirmed at appellant’s cost.