129 So.2d 587 (1961)
E. J. MICHAEL, Plaintiff-Appellee,
v.
STATE of Louisiana, Through the DEPARTMENT OF HIGHWAYS, Defendant-Appellant.
No. 9402.
Court of Appeal of Louisiana, Second Circuit.
March 10, 1961.
Rehearing Denied April 12, 1961.
D. Ross Banister, Philip K. Jones, Glenn S. Darsey, Baton Rouge, for appellant.
Campbell, Campbell & Marvin, Minden, for appellee.
Before HARDY, GLADNEY, and AYRES, JJ.
GLADNEY, Judge.
This is an action to compel payment of compensation for that portion of plaintiff's *588 property expropriated by the State Department of Highways, and to recover damages allegedly sustained to the remainder of the tract. Defendant answered and denied any encroachment or damage to plaintiff's property. From a judgment of the lower court awarding plaintiff damages in the amount of $5,000, defendant appealed suspensively. Plaintiff answered the appeal and requested that the award be increased to $14,500.
The petition of E. J. Michael, plaintiff herein, alleged ownership of the following described property located in Minden, Parish of Webster, Louisiana:
"From the intersection of the western side of Woodard Street with the northern side of Union Street, run westerly along Union Street a distance of 117 feet; thence northerly and at right angles to Union Street 110 feet; thence easterly and parallel to Union Street 117 feet to Woodard Street; thence southerly along Woodard Street 110 feet to the point of beginning."
It was further alleged that in May of 1956 the Department of Highways, without obtaining plaintiff's consent or permission, widened Union Street, which street is a portion of State Route La.-U.S. 80, and transformed the former two-lane highway into a four-lane highway. As a consequence of the widening operation, designated State Project No. 1-05-06, two of the three buildings owned by plaintiff and situated on the tract, specifically, a cafe building and grocery store with attached rear apartment, are in immediate proximity to the highway curb. Prior to 1956, the grocery store was approximately 21 feet and the cafe some 25.5 feet from the edge of the pavement, whereas the curb of the present highway is only about 7 feet from the grocery store and 11.5 feet from the cafe. The effect of this alleged encroachment is that plaintiff no longer has sufficient area to provide parking facilities for customers of the cafe and grocery store.
Plaintiff itemized his damages as $25,000 for diminution in market value of his property, and $1,020 for loss of rentals on two of his buildings, or a total of $26,020. The lower court rendered judgment in plaintiff's favor for $5,000, which award was predicated on the cost of relocating the buildings so that the distance between the highway edge and plaintiff's buildings would be the same as existed prior to the 1956 widening operations. By answer to appeal plaintiff has requested: (1) that the judgment be amended so as to include $2,000 as compensation for the expropriated footage; (2) that his damages should be computed on the basis of diminution of market value rather than relocation cost; (3) that the market value of his property has been reduced from $25,000 to $12,500 as a result of the alleged encroachment, and (4) that a total award of $14,500 should be rendered in his favor.
Throughout these proceedings defendant has steadfastly maintained that plaintiff has not shown encroachment of any part of his property, that plaintiff is presently in possession of all the footage called for in his deed, and that the area previously used by plaintiff for customer parking was in fact highway right-of-way.
Plaintiff acquired ownership of the subject tract by deeds dated May 22, June 18, 1929, and October 30, 1946. In each of those instruments the point of beginning contained in the description of the property conveyed is designated as the north side of Union Street. Uncontradicted testimony in the record describes the evolution of Union Street from an 18 foot gravel road in the 1920's, to a paved 20 foot slab in 1932, to a 26 foot paved surface in 1952, and finally to the 40 foot width established by the widening operation of 1956. Defendant concedes that any Highway Department right-of-way fronting on plaintiff's property was acquired by long time *589 occupation and maintenance rather than by recorded agreement. We feel no hesitancy in concluding that the only right-of-way in the State Department of Highways is the 26 foot width actually used by defendant prior to 1956. Inasmuch as no purchase, expropriation, or statutory dedication of a right-of-way was ever effected, we are concerned with an instance of implied or tacit dedication.
Tacit dedication is based on estoppel in pais, to-wit: use by the public and maintenance by public authorities without protest by the owner precludes the latter from denying the right exercised by the public. Wyatt v. Hagler, 1959, 238 La. 234, 114 So.2d 876; B. F. Trappey's Sons, Inc. v. City of New Iberia, 1954, 225 La. 466, 73 So.2d 423; Arkansas-Louisiana Gas Co. v. Parker Oil Co., 1938, 190 La. 957, 183 So. 229; Comment, 1956, 16 La. L. Review 521; Bench and Bar, 1950, 25 Tul.L.Review 88; Note, 1960, 34 Tul.L.Review 823. Tacit dedication based on estoppel in pais has likewise been decreed where maps or plats indicating dedication of land to public use are annexed to recorded deeds thereby representing to purchasers that such land has been dedicated. James v. Delery, 1947, 211 La. 306, 29 So.2d 858; Emery v. Orleans Levee Board, 1945, 207 La. 386, 21 So.2d 418; La Salle Realty Company of Louisiana v. City of New Orleans, 1930, 169 La. 1035, 126 So. 545.
We do not believe, nor has defendant seriously contended, that any portion of the 14 foot strip herein controverted was dedicated to public use. Certainly, there was no evidence that the strip was ever maintained for road purposes by public authorities. To the contrary, the record discloses that plaintiff constructed his own sidewalk and storm sewer between the highway and his store, and that portions of the sidewalk and all of the storm sewer were destroyed by the widening operations. Furthermore, defendant did not consider the 14 foot strip to have been tacitly dedicated, otherwise a representative of the Highway Department would not have attempted to secure a right-of-way deed from plaintiff. The record contains deeds granted by other abutting property owners, but plaintiff averred that he refused to execute a deed inasmuch as he could not obtain assurance that his buildings would be satisfactorily relocated.
Aside from the issue of right-of-way, defendant predicates its defense on a survey made by E. N. Brodnax, a registered land surveyor and engineer employed by the State Department of Highways. Brodnax testified that he located two ¾ inch iron pipes which marked the northwest and northeast corners of plaintiff's property, and that the pipes were 111.3 feet north of the present highway curb. Consequently, defendant contends that the highway has not encroached on plaintiff's property inasmuch as his deed merely calls for a 110 foot depth. We can not subscribe to this reasoning.
In Meyer v. Comegys, 1920, 147 La. 851, 86 So. 307, 309, the Supreme Court stated:
"* * * the legal guides for determining a question of boundary, or the location of a land line, in the order of their importance and value, are: (1) Natural monuments; (2) artificial monuments; (3) distances; (4) courses; and (5) quantity. But the controlling consideration is the intention of the party or parties." See, also, Ryan v. LaPrairie, La.App. 2d Cir., 1956, 84 So.2d 854; Carlisle v. Graves, La.App.2d Cir., 1953, 64 So.2d 456; Aucoin v. Marcel, La.App. 1st Cir., 1948, 38 So.2d 81.
Also of particular relevance to the instant case is the following passage from the Meyer decision:
"There are no natural monuments, such as streams, trees, etc., to guide us in this case, but defendant relies upon the artificial monument, the road, contending naturally that it must be considered as the boundary, and that the *590 calls for area or acreage must yield to the location of the road as it actually exists. * * *

"If the property (both that of plaintiff and defendant, or either of them) had been sold and described as fronting upon or bordering the public road by the descriptions in the deeds, the view that the road as it really exists should control as an artificial monument would undoubtedly be correct, and the quantity would have to yield; but in each instance the land was described according to the plat, by lot numbers, whose acreage was clearly given to the fraction of an acre, both on the plat and in the deeds, and apparently paid for at so much per acre. It would seem reasonably clear, then, that the plat, and not the road, was to govern, for the parties believed they were acquiring, and did actually acquire, their full acreage with the boundary line as it appears upon the plat." (Emphasis supplied).
Aucoin v. Marcel, La.App. 1st Cir., 1948, 38 So.2d 81, 86, involved a sale by the St. Mary Parish Police Jury of the unneeded portion of its right-of-way bordering "Louisiana Highway." Specific measurements and distances of the property conveyed were set forth in the deed. The controversy arose from the fact that the road bed of "Louisiana Highway" was changed, thereby creating an additional strip of unneeded right-of-way. The court resolved the dispute by holding:
"Although the deed originally made to Miss Gathright and in turn acquired by Defendant, calls for fixed measurements, it is evident that it also calls for a fixed boundary abutting on `La. Highway'. * * *
* * * * * *
"In view of the Codal Articles cited above and the jurisprudence to which reference has been made, the Defendant and his authors in title must be held to have acquired and to have ownership and title to the triangular strips of land in question to the limits called for as their Southern boundary, namely the `Louisiana Highway', commonly known as U. S. Highway 90, even though the measurements and distances as to width given in the deed falls short of such boundary. It must be equally held that the title so conveyed embraces all of the area within the boundaries so described, irrespective of the fact that a greater quantity of land is given than is called for by the measurements and distances." (Emphasis supplied.)
In reaching its conclusion, the Court in the Aucoin case relied upon LSA-C.C. Art. 854, which states:
"If any one sells or alienates a piece of land, from one fixed boundary to another fixed boundary, the purchaser takes all the land between such bounds, although it give him a greater quantity of land than is called for in his title, and though the surplus exceed the twentieth part of the quantity mentioned in his title."
The above article was similarly construed in Consolidated Companies, Inc. v. Haas Land Company, Ltd., 1934, 179 La. 19, 153 So. 6.
In light of the foregoing authorities we cannot ascribe to the Brodnax survey such conclusiveness as is contended for by defendant. Plaintiff's title designates "Union Street" as the southern boundary of the land conveyed, and the fact that the depth of the tract may not conform to the distances set forth in the deeds is immaterial to our consideration of this cause. Having hereinbefore concluded that the 14 foot strip in controversy was not part of Union Street prior to 1956, we are of the opinion that defendant's expropriation of said strip was an encroachment upon plaintiff's property for which compensation must be made.
The only issue remaining for our disposition is as to the correctness of the *591 lower court's award of damages. In our opinion the allowance of $5,000 for relocation costs is neither excessive nor inadequate. However, the lower court did not include in its award an amount as compensation for the value of the property expropriated. There is considerable conflict in the testimony as to the value of plaintiff's property, estimations thereto varying from $200 per front foot to $25 per front foot. In view of the fact that the strip, measuring 14 feet by 117 feet, was taken from plaintiff's frontage, we are of the opinion that an award of $2,000 is proper.
Accordingly, the judgment of the lower court is amended and it is now ordered and decreed that plaintiff's judgment against defendant be increased by the sum of $2,000. As amended, the judgment from which appealed is affirmed.