HARDY, Judge.
This is a suit, in rem, by plaintiff municipality against defendant as the owner of certain property subject to a duly assessed and recorded paving lien, praying for recognition and enforcement of said lien upon the property of defendant and the recovery of the balance due as represented by the lien in the principal sum of $1,-784.02, with interest, attorney’s fees, etc. In resisting plaintiff’s demands defendant asserted the lack or nullity of the dedication of the street paved; claimed the illegal taking of defendant’s property to the extent of a value of $9,291.75, for which he prayed judgment in reconvention; alternatively asserted that the right-of-way of the paved street did not physically abut defendant’s property except where the *91 pavement encroached upon said property, for which encroachment defendant claimed damages, to the extent of $969.75; alleged error of law and fact in the payment by defendant of the sum of $198.22 upon the ■original total paving assessment, and, finally, claimed loss of estimated profits in the sum of $20,000 resulting from failure of defendant’s ability to sell his property by reason of the existence of the paving lien thereupon.
After trial there was judgment in favor of plaintiff in the amount prayed, together with recognition of its special lien and privilege upon the property and the effect thereof, and further judgment rejecting defendant’s reconventional demands. From the judgment defendant prosecutes this appeal.
By stipulation on behalf of defendant it has been conceded that all proceedings by plaintiff municipality with reference to the assessment of a paving lien in the total principal amount of $1,982.24, payable in ten annual installments, were valid and legal. It is further established, without contention, that following the special assessment and filing of the lien in question therewith defendant failed to pay the total amount within the time prescribed by law, whereupon plaintiff accepted such failure as an exercise of defendant’s option to pay the amount in ten equal installments, the first of such payments being due on December 31, 1956, which installment was •duly paid by defendant.
The assessment and effect of the paving lien under examination relates to the paving of Line Avenue, one of the main north and south thoroughfares of the City of Shreveport. Defendant is the owner, by •deed from A. Wyatt Jones, dated November 29, 1952, of property described as follows :
“The East Half of the Southeast Quarter of Northeast Quarter of the Southeast Quarter of Section Twenty-five, Township Seventeen North, Range Eourteen West (E y¿ of SE j4 of NE ■y4 of SE y4 of Sec. 25, T. 17 N., R. 14 W.), subject to dedication of the East thirty (30) feet thereof for Line Avenue. Containing approximately 4.55 acres exclusive of right-of-way.”
In 1929 the five acre tract of land described as the East Half of Southeast Quarter of Northeast Quarter of Southeast Quarter of Section 25, Township 17 North, Range 14 West, Shreveport, Caddo Parish, Louisiana, was owned by the Storrs-Schaefer Company of Cincinnati, Ohio, and by authentic act dated September 12, 1929, and duly recorded in the conveyance records of Caddo Parish, Louisiana, the same company dedicated to the public use for a public road a strip of land 30 feet in width, which instrument of dedication read as follows:
“Know All Men By These Presents, that The Storrs-Schaefer Company does hereby dedicate to the public use, for a public road, the following described land:
“A strip of land 30 feet wide, said strip being more particularly described as follows:
“Beginning at the northeast corner of the SE y4 of SE J4 Sec. 25, Twp. 17 N. Range 14 West, Caddo Parish, La., run thence north along the range line to 79th Street; thence west 30 ft.; thence south parallel to and 30 ft. from the range line to the north line of the SE )4 of SE y of said section; thence east 30 feet to point of beginning.
“Said strip of land to be properly drained by ditches on each side; no ground or dirt to be taken off of the adjoining ground beyond the road boundaries as defined above.
“The Said Property to be Used for Public Road Purposes Only.”
By deed of conveyance dated June 12, 1950 the Storrs-Schaefer Company con *92 veyed the five acre tract described “ * * * less that portion thereof dedicated for public road, in Shreveport, Caddo Parish, Louisiana,” to Ben Brooks. The same tract was conveyed by Ben Brooks to A. Wyatt Jones, defendant’s vendor, under instrument dated August 19, 1952,
“ * * * subject to dedication of the east thirty (30) feet thereof for Line Avenue.
“Containing approximately 4.55 acres exclusive of right-of-way.”
In or about the year 1956 the City of Shreveport caused Line Avenue to be paved, the cost thereof being proportionately assessed against the owners of abutting properties. Defendant’s assessment was based upon his ownership of property abutting Line Avenue for a distance of 247.78 feet.
The Line Avenue paving project comprehended and included a concrete “apron” extending into and across the intersection of what was known as 79th Street with Line Avenue.
In his written opinion on the merits the trial judge concluded that the dedication of Line Avenue was valid and subsisting; that the paving of Line Avenue, although not physically touching at every point the property of defendant, abutted said property, which was therefore liable for a proportionate cost of said paving under the authority of Town of DeQuincy v. Wood, 210 La. 504, 27 So.2d 314, 166 A.L.R. 1075; that 79th Street, despite lack of a formal dedication thereof, had been open, improved and used, and that the city as a result had acquired a servitude thereof under LSA-R.S. 48:491. As evidenced by his written opinion in response to defendant’s application for rehearing the trial judge concluded that he had been in error in holding that 79th Street was a public street, and as a result his opinion stated that defendant was the owner of the property embraced therein, and was properly assessed with his proportion of the entire cost according to the frontage of his property, including 79th Street.
Some two or three years following the completion of the paving project on Line Avenue defendant erected a fence running north and south across 79th Street along the west line of his property, which fence had remained in place up to the time of trial.
Before this court counsel for defendant relies upon specifications of error in the judgment appealed from, which he delineates in brief as follows :
“The trial court erred in finding that when Line Avenue was paved that a valid and subsisting dedication of the East 30 feet of the defendant’s property was in existence.
“The trial court erred in not allowing damages to the defendant for the illegal taking of this property by the plaintiff, both for the ‘apron’ on 79th Street and the paving on the East 30 feet of the defendant’s property, and in holding that the defendant was not entitled to the value of the property so illegally taken because the illegal taking benefited the defendant’s property.”
Proceeding to a consideration of the points above set forth in order, we first observe that despite the insistent argument of counsel we are unable to find any basis whatsoever which would sustain the conclusion that the 30 foot strip in question did not constitute a valid and subsisting dedication of Line Avenue as of the time of the paving thereof. It is noted that counsel consistently refers to this strip as being a portion of “defendant’s property.” The record not only does not sustain this conclusion but completely and indisputably supports the proposition that this strip in question is not and never has been owned by defendant. Even the most casual reading of the deeds of conveyance set forth, supra, in this opinion conclusively demonstrates that the dedication of the 30 foot strip was made by the Storrs-Schaefer *93 Company in 1929 and has been specifically excepted from every instrument of conveyance executed since that time. In addition to the specific exclusion of the dedicated strip, the very deed under which defendant holds title to his property did not serve to convey the five acres described by government survey, but limits the area of the property conveyed to 4.55 acres, which excluded from the five acre plotted tract the area represented by the dedication of the 30 foot strip. Under these circumstances it would appear almost superfluous to observe defendant is not the owner of the 30 foot strip, and is therefore without right to dispute the question of its dedication.
However, it is not even necessary to rest our conclusion upon the above premise inasmuch as our examination of the record has served to completely convince us that the dedication was valid and subsisting. Various plats filed in evidence, exhibiting the location of Line Avenue prior to and as of the paving project, show that it was and consistently has been not only used as a public street, but the paved area followed the center line of the thoroughfare known as Line Avenue, which had existed for many years prior to the paving improvements.
Although it is not set forth in counsel’s above quoted specifications of error, it is urgently argued as a secondary issue that defendant’s property does not actually abut the paved portion of Line Avenue. This question was raised in and definitely disposed by the holding of the Supreme Court in Town of DeQuincy v. Wood, 210 La. 504, 27 So.2d 314, 316, wherein it was held:
“There is nothing doubtful in the term ‘abutting the street.’ It means abutting the street as dedicated for the purpose of a street. It does not mean abutting that part of the street which the pavement actually covers, where the pavement does not extend to the edge of the street. * * *
“To construe the statute as meaning that a lot must actually abut or adjoin the pavement or other improvement of the street or sidewalk in order to be subject to the local or special assessment for street improvement would be contrary not only to section 6 of the statute but also to the concluding sentence in section 17, which provides ‘this Act shall be liberally construed to promote the purpose for which it is enacted.’ ”
Moving to the second specification of error, which relates to the paving of the apron on 79th Street and involves the issues as to the dedication, vel non, of said street, the effect of a contended lack of dedication thereof and the effect as to the amount of the lien if it be held 79th Street was dedicated, we cannot find that these questions have any relevancy to defendant’s liability in the instant case. We say this because if 79th Street was not dedicated, then defendant’s ownership embraces the area thereof and the cost of the paving of the so-called apron was properly included in the total and apportioned against all the abutting property owners along Line Avenue; if 79th Street is held to have been dedicated under the statutory provisions of LSA-R.S. 48:491, the effect of such dedication confers only a servitude in the city and the naked ownership remains in defendant, and in such event, again the plaintiff municipality was within its rights in assessing such owners for the cost of. the abutting paving project.
Despite the above expression as to the lack of relevance of the issue of the dedication of 79th Street, in deference to the able and exhaustive argument made by counsel for defendant, we think it proper to express our conclusion on this point. In our opinion the record amply sustains the finding that 79th Street had been impliedly dedicated as the result of public use, tacit acquiesence therein by defendant over a period of years, and maintenance by the municipality, all of which facts we *94 hold to have been established by an ample preponderance of the evidence taken on trial of this case. The factual circumstances disclosed by the record are reasonably similar, even to the extent of the building of a fence across the asserted street, to those which were considered by the Supreme Court in Wyatt v. Hagler, 238 La. 234, 114 So.2d 876, 878. The opinion of Mr. Justice McCaleb with reference to the particular question under examination contains the following pertinent observation:
“The doctrine of implied dedication is well recognized in this State. Ford v. City of Shreveport, 204 La. 618, 16 So.2d 127 and cases there cited. In our most recent case on the subject, B. F. Trappey’s Sons, Inc. v. City of New Iberia, 225 La. 466, 73 So.2d 423, 424, in commenting on our prior jurisprudence, it was said:
“ ‘The theory of all the decisions is that if there is no formal or statutory dedication there may be a dedication by implication consisting of the assent of the owner, by his silence or otherwise, the use by the public and maintenance by the municipality.’ ”
The only point of distinction which can be made between this and the cited case lies in the period of ownership of the property, which distinction we do not consider to have any material effect upon the applicability of the principles enunciated by the Supreme Court in the cited case.
In consideration of the findings above made and the conclusions drawn therefrom, it is unnecessary to consider defendant’s reconventional demands.
Accordingly, for the reasons assigned, the judgment appealed from is affirmed in favor of plaintiff, City of Shreveport, and against the defendant, Joseph J. Velotta, in rem, against and insofar as the said judgment affects the property described, as follows: North 247.78 feet of E-j£ of SE-J4 of NE-14 of SE-14 of Section 25, Township 17 North, Range 14 West, LESS the East 30 feet for Line Avenue, Shreveport, Caddo Parish, Louisiana.
It is further ordered that defendant be, and he is assessed with all costs of both courts.