**RIVERSIDE REALTY COMPANY, Inc.,**
Appellant,

v.

**The CITY OF NEW ORLEANS,** Appellee.

No. 20015.

United States Court of Appeals
Fifth Circuit.

Sept. 27, 1963.

Rehearing Denied Nov. 21, 1963.

Rives, Circuit Judge, dissented.

Gerald J. Gallinghouse, New Orleans, La., for appellant.

Beuker F. Amann, New Orleans, La., Alvin J. Liska, City Atty., for appellee.

Before RIVES, LEWIS * and BELL, Circuit Judges.

PER CURIAM.

 This is a diversity action initiated by appellant, a Delaware corporation, by complaint filed in 1956 wherein appellant sought compensation, damages, and attorneys' fees from the City of New Orleans for the alleged unlawful taking of appellant's property for the construction of a public street and for damage occasioned to appellant's property for negligence in the method used in constructing the street. Trial was had to the court (in 1962) and the issues were found in favor of the City of New Orleans. The trial court specifically found that appellant had not sustained its burden of proof to show ownership of part of the land involved and, upon conflicting evidence, that all of the subject property had long been used by the public and maintained by the City as a public street with the knowledge and consent of the appellant and its predecessor in title.

The judgment of the trial court is manifestly correct both in fact and law. The testimony of witnesses and photographic exhibits, deemed credible by the trial court, firmly establish both the existence and public use and maintenance of the disputed areas as public streets long before the alleged taking so as to premise the doctrine of implied dedication under the law of Louisiana. B. F. Trappey's Sons, Inc. v. City of New Iberia, 225 La. 466, 73 So.2d 423; City of Shreveport v. Velotta, La.App., 131 So.2d 90. And it is well settled in Louisiana that no action for damages through negligence will lie against a municipality for its performance of a governmental function such as paving a street; nor will such action lie against the municipality for the negligence of an independent contractor engaged in paving a public street. Beck

* Of the Tenth Circuit, sitting by designation.

v. Boh Bros. Construction Co., La.App., 72 So.2d 765.

The judgment is affirmed.

RIVES, Circuit Judge (dissenting).

This appeal imposes on us the tedious and laborious duty of examining the findings of the district court in the light of the testimony and the numerous exhibits to determine whether those findings meet the clearly erroneous test of Rule 52(a), Fed.R.Civ.P. Fulfilling that task as best I can, I am under the firm conviction that the strip of land used as a road by motor vehicles prior to 1955 is not the same property that was taken by the City for street and drainage purposes in 1955, and, hence, that the district court's findings are clearly erroneous. My differences with the district judge and with my brothers being factual only, I simply note that, with deference, I respectfully dissent.