MARCUS, Judge.
On March 11, 1953 the Mayor and Board of Aldermen of the City of Houma, pursuant to the provisions of LSA-R.S. 33:3301 — 33:3316, adopted local Assessment Ordinance No. 1 of 1953, assessing property owners on a front foot basis for sidewalk construction in the City of Houma. Included in this ordinance was an assessment of property owners on the south side of Cherry Street, which is a narrow street one block in length running between Wilson Avenue and Gouaux Avenue. Among the assessments made was Assessment No. 76 against the property of the defendant Nolan J. Cunningham for 70.1 feet of sidewalk and curb at a cost of $193.38, 25 feet of special driveway at a cost of $73.25, and 9 feet of drains at a cost of $5.86, making a total assessment of $277.49 against the property. The ordinance provided for payment in full within thirty days or payment in ten equal annual installments bearing interest at the rate of five (5%) per cent *614 from the date of the adoption of the ordinance, the first installment being due December 31, 1953. The ordinance further provided that failure to pay any installment or the interest thereon would mature all of the installments and the whole amount of principal and interest would become due plus ten (10%) per cent additional on principal and interest unpaid as attorney’s fees.
The sidewalk was constructed, but the defendant failed to pay any part of the assessment. Three years later, on July 2, 1956, the City of Houma filed this suit in the Seventeenth Judicial District Court for the Parish of Terrebonne seeking $277.49 plus interest and attorney’s fees.
In his answer the defendant alleged that the city had constructed the sidewalk entirely upon his property, and that under those circumstances the city could not assess the sidewalk lien against his property. In his answer the defendant included a re-conventional demand for the damage caused by the allegedly unauthorized taking of his property.
On October 30, 1968, judgment was rendered in favor of the City of Houma and against the defendant in the amount of $277.49 with five (5%) per cent per annum interest thereon from March 11, 1953 until paid, plus ten (10%) per cent of the aggregate amount of principal and interest as attorney’s fees, and for all costs. The judgment further recognized the lien of the city and ordered that the property be seized and sold to satisfy the judgment. From this judgment the defendant has perfected this appeal.
The piece of property in question is located at the corner of Cherry Street and Gouaux Avenue. Located on the premises are a number of apartment units owned by the defendant. The defendant’s residence was located adjacent to the apartments on Gouaux Avenue. It is not disputed that the sidewalk was constructed on property which belonged to the defendant. He admitted that he had given his consent for the city to place the sidewalk upon his property, thus leaving room for the widening of Cherry Street, but contended that this permission had been upon the express condition that all the other property owners on the south side of Cherry Street do likewise.
William J. Cenac, Jr., who in 1953 was serving as alderman from Ward 1 of the City of Houma, testified that he had learned from the city’s superintendent of streets of Mr. Cunningham’s desire to have the street widened. Mr. Cenac then spoke with the other property owners on Cherry Street, but one of them, Mr. Marcel, refused to agree to the widening. Mr. Cenac testified that he reported this fact to Mr. Cunningham who at that time informed him that he would nevertheless like to have the street widened in front of his property in order to afford parking space to the occupants of his apartments.
The record reveals that both Cherry Street and Gouaux Avenue were narrow streets, and that Mr. Cunningham did not have sufficient parking space for his apartments. It further shows that Cherry Street was in fact widened in front of the defendant’s property, which widening encroached approximately one and one-half feet onto his property. The curb and sidewalk were located immediately adjacent to the street, and cover a total width of about three and one-half feet. This constitutes the five foot encroachment claimed by defendant in his reconventional demand. The sidewalk was not constructed in a straight line from Gouaux Avenue to Wilson Avenue, but rather curves sharply upon leaving the defendant’s premises and does not encroach upon any of the other lots on Cherry Street.
It is the contention of the City of Hou-ma that the widening of Cherry Street in front of the defendant’s property and the placing of the sidewalk upon his property was done at the request of, and solely for the benefit of, the defendant, who was himself a former councilman in the City of Houma. The city maintains that the de *615 fendant has impliedly dedicated this strip to public use, and is therefore estopped from denying his liability under the assessment ordinance and from claiming damages for the taking of his property.
The essential contention of the defendant is that he never consented to the placing of the sidewalk upon his property. He testified that when Mr. Cenac approached him about the signing of a right-of-way agreement he did not sign- the' paper. However, he confirmed Mr. Cenac’s testimony that he had taken the paper from Cenac for the express purpose of seeking advice from his attorney.
Shortly after the sidewalk was constructed, Mr. Cunningham attended a meeting of the city counsel. He testified that at that time he again refused to sign the right-of-way agreement, but the testimony of the witnesses for the city was to the effect that he refused to sign because he did not feel that the work had been satisfactorily completed. Alphonse Badeaux, who was superintendent of streets and sanitation in the City of Houma, testified that shortly after this meeting he had some men under his employ repair the defect complained of by connecting the driveway and walk on Mr. Cunningham’s property to the city sidewalk.
Although Mr. Cunningham’s residence was located adjacent to the property where the sidewalk was constructed, there is no evidence that he made any attempt to prevent the construction. On the contrary, Mr. Cenac testified that when the construction of the sidewalk began Mr. Cunningham asked to have the dirt thrown next to his house. Furthermore, a period of some three years passed from the time of the sidewalk construction until the filing of this suit. During this time there is no- evidence that the defendant ever made any kind of protest. As far as the record reveals, his first protest was the filing of his reconventional demand in this lawsuit.
 It is our finding that the defendant consented to the placing of the street and sidewalk upon his property, and that he intended to dedicate to the public use the strip of land on which they were constructed. The doctrine of implied dedication is well established in the jurisprudence of this state. Ford v. City of Shreveport, 204 La. 618, 16 So.2d 127 (1943); Wyatt v. Hagler, 238 La. 234, 114 So.2d 876 (1959); Best Oil Company v. Parish Council of East Baton Rouge, 176 So.2d 630 (La.App. 1st Cir.1965).
“Implied dedication operates by way of estoppel in pais by acceptance and use on the part of the public with the tacit consent of the owner.” Ford v. City of Shreveport, supra.
In this case we find that the defendant has impliedly dedicated a right-of-way across his property. Accordingly we affirm the judgment of the trial court in favor of the City of Houma as prayed for on the principal demand, dismissing the defendant’s reconventional demand, with all costs to be paid by the defendant-appellant.
Affirmed.