FRUGÉ, Judge.
This is an action to “abate a mixed nuisance and for injunctive relief.” The defendant filed an exception of no right or cause of action, which the trial court granted. Plaintiff appeals.
Plaintiff’s petition alleges “that she is the owner of certain immovable property in Ville Platte, Louisiana, located in that certain city block bounded on the north by West Pine Street; on the east by Dr. Carver Street; on the south by West Cypress Street; and on the west by Antoine Street; that a public alley, approximately twenty (20) feet in width, runs through the middle of said city block in an (sic) north-south direction; that said public alley has been used by the property owners whose property abuts the same, and by the public generally, for at least forty-four (44) years.”
The exception of no cause or right of action filed by defendant alleged the following: “a. The allegations of ultimate fact fail to disclose where the alleged public alley is located and does not identify *879 petitioner as a person entitled to a right-of-way by law. b. The allegations of ultimate fact fail to disclose that the servitude was established by title, c. The allegations of ultimate fact do not disclose that the alleged servitude was continuous and apparent and subject to acquisition by prescription.”
The trial court granted the exception without assigning reasons therefor.
Of course, in considering an exception of no cause of action we must accept all the plaintiff’s allegations of fact as being true. Caronna v. Louisiana Dept. of Highways, 208 So.2d 430 (La.App.4th Cir. 1968). Plaintiff’s allegations concerning the location of the alley are fairly precise, but in the event that they are not considered so, the defendant should have filed an exception of vagueness rather than an exception of no cause of action, which cannot be utilized to serve the function of an exception of vagueness. Pearce v. United States Fidelity & Guaranty Co., 8 So.2d 743 (La.App.2nd Cir. 1942). Therefore, defendant’s first basis for his exception is not tenable.
Defendant’s second basis for his exception, namely, that the allegations of ultimate fact failed to disclose that the servitude was established by title, cannot suffice to maintain an exception of no cause of action. It is not necessary that the public ownership of alleys and streets be established by title. Tacit, implied, or common law dedication of private property to the public has long been recognized in Louisiana. Wyatt v. Hagler, 238 La. 234, 114 So.2d 876 (1959); Ford v. City of Shreveport, 204 La. 618, 16 So.2d 127 (1943); Michael v. State, 129 So.2d 587 (La.App.2nd Cir. 1961).
In the Wyatt case at page 878 of 114 So.2d, the Supreme Court said the following:
“The doctrine of implied dedication is well recognized in this State. Ford v. City of Shreveport, 204 La. 618, 16 So.2d 127 and cases there cited. In our most recent case on the subject, B. F. Trappey’s Sons, Inc. v. City of New Iberia, 225 La. 466, 73 So.2d 423, 424, in commenting on our prior jurisprudence, it was said:
‘The theory of all the decisions is that if there is no formal or statutory dedication there may be a dedication by implication consisting of the assent of the owner, by his silence or otherwise, the use by the public and maintenance by the municipality.’ ”
The third basis of defendant’s exception is that the allegations of ultimate fact do not disclose that the servitude was continuous and apparent and therefore subject to acquisitive prescription. If the plaintiff were asserting her rights as a private individual to the servitude in favor of herself individually, the exception would be well grounded. However, it has no application to public dedication of private property. As stated earlier, this can be done by implied or tacit dedication. Therefore, there is no basis for maintaining the defendant’s exception of no cause of action.
To maintain the defendant’s exception of no right of action, we would have to find that the plaintiff is not a party of interest, and even if a cause of action is stated she is not a party who has the right to assert it. However, the plaintiff identifies herself as an owner of property abutting the alleged public alley. As a member of the public owning such property, she has alleged sufficient facts to show that she is a party of interest and, as such, an exception of no right of action cannot be granted against her.
Since neither the exception of no cause of action nor the exception of no right of action can be maintained, the cause must be remanded to the trial court for further proceedings.
In the last paragraph of her brief, the defendant made the following observation: “Further, the relief asked for by petitioner *880 is that of a mandatory injunction and plaintiff fails to allege any irreparable injury in his original petition.” However, the plaintiffs petition also “prays for all and equitable and general relief, as the nature of the case may require.” If after remand the trial court grants the plaintiff more relief than she is entitled to, the defendant will have an opportunity to remedy that situation by an appeal to this court.
Therefore, for the foregoing reasons, the judgment of the trial court is reversed, annulled, and set aside and the cause is hereby remanded to the trial court for further proceedings consistent with the opinions expressed herein. All costs of this appeal are assessed to the defendant-appellee.
Reversed and remanded.