KRIEGER *v.* PLANNING COMMISSION OF
HOWARD COUNTY

[No. 145, September Term, 1960.]

*Decided February 14, 1961.*

The cause was argued before HENDERSON, HAMMOND, HORNEY, MARBURY and SYBERT, JJ.

*Bernard F. Goldberg,* for appellant.

*Daniel M. Murray, Jr.,* and *Russell R. Reno, Jr.,* for appellee.

HENDERSON, J., delivered the opinion of the Court.

This appeal under Art. 14, sec. 168, of the Code of the Public Local Laws of Howard County (1957 ed.) is from an order of the circuit court affirming a decision of the Planning Commission denying approval of a subdivision plan sub-

mitted to it by a developer. In May, 1959, the appellant acquired a tract of land of about 140 acres fronting on State Route 103, known as Montgomery Road, an unlimited access highway sixty feet wide. On February 18, 1959, the Planning Commission had adopted a general plan of highways for Howard County pursuant to authority contained in sec. 158 of the local code (sec. 230D of Chapter 424, Acts of 1951). On this plan that portion of Montgomery Road on which the property of the appellant fronts was designated as a "primary road", calling for a minimum width of 100 feet. The Commission had previously adopted subdivision regulations pursuant to sec. 163. The appellant's plan, submitted January 15, 1960, violated the master plan and regulations in several particulars. It did not allow for a width of 100 feet, or 50 feet from the center of the existing Montgomery Road, and the lot areas were not sufficient, excluding the bed of the planned road, to comply with Zoning Regulations § 5 D 1 a (minimum size of lot size in R Districts 20,000 square feet). Moreover, the lots fronting on Montgomery Road did not provide vehicular access by any of the three methods prescribed for new subdivisions in Subdivision Regulations, I A 6 a, b and c (an access drive, a cul-de-sac, or a parallel street).

The appellant contends that the Planning Commission's refusal to approve his development plan was illegal and arbitrary and deprived him of his property without just compensation in violation of Article III, sec. 40, of the Maryland Constitution and Article 23 of the Declaration of Rights. More specifically, he contends that under the pretext of zoning the Commission is arbitrarily and without payment of just compensation (1) requiring him to lay out lots in excess of the present minimum of 20,000 square feet by excluding a twenty-foot strip along the road and enforcing a fifty-foot setback; (2) depriving him of the use of a twenty-foot strip for the purpose of future widening of the road, which may never take place and which it could not require the State Roads Commission to do in any event; (3) denying him access to the road as it presently exists as a sixty-foot way with access uncontrolled.

We find nothing in the record to suggest that the Planning Commission acted in bad faith. In adopting a major street plan and subdivision regulations it acted under the authority conferred by secs. 158 and 163 of the local code. If it could properly take such actions, it was not arbitrary to enforce them by denying approval of a plan which did not conform. In the absence of constitutional objection the power of a municipal corporation to impose reasonable conditions upon the issuance of a permit can hardly be doubted. *County Council v. Lee,* 219 Md. 209, 216. As the trial court pointed out, the purpose of these sections was to avoid subdivision and improvement of land in the path of a projected highway or in the path of a projected enlargement of an existing highway. If the Planning Commission were powerless to require compliance, the whole purpose of planning and zoning, which looks to the future, would be frustrated.

The basic constitutional point was decided long ago contrary to the appellant's contention. Zoning regulations according to a comprehensive plan and in the general public welfare may place restrictions on the use of property even though the restrictions result in serious financial loss to the owner. See *Euclid v. Ambler Co.,* 272 U. S. 365; *Anne Arundel County v. Ward,* 186 Md. 330, 337; *Benner v. Tribbitt,* 190 Md. 6, 20. Of course, the restrictions must be supportable as a proper exercise of police power. For recent cases on the subject, see *Walker v. Board of County Com'rs of Talbot County,* 208 Md. 72, 90, cert. denied, 350 U. S. 902 and *Grant v. Mayor & C. C. of Baltimore,* 212 Md. 301, 314. For a case dealing with the scope of the planning power, see *Mansfield & Swett v. Town of West Orange,* 198 Atl. 225 (N. J.). Planning with reference to future streets is no novelty in Maryland. See *Clarks Lane Garden Apts. v. Schloss,* 197 Md. 457, 460. On the other hand, as noted in *Congressional School v. State Roads Comm.,* 218 Md. 236, 241, there seems to be general agreement among the authorities that zoning cannot be used as a substitute for eminent domain proceedings so as to defeat the constitutional requirement for the payment of just compensation, in the case of a taking of private property for public use, by depressing values and so reducing the

amount of damages to be paid. In that case we found it unnecessary to decide the validity of a zoning classification claimed to have been made to hold down the cost of subsequent acquisition by condemnation for highway use. Nor do we find it necessary to decide the question in the instant case.

There is nothing in the record to show a present taking, as distinguished from a regulation of use, or to indicate that if, or when, the strip of land adjacent to the existing highway is condemned for purposes of widening, the owner will not be paid the full value thereof. Nor is the appellant precluded from putting the twenty-foot strip to whatever permissible use he pleases. There is no change in the use classification. He is simply denied a right to include it in computing the areas of lots fronting on the road so that in the event of future widening in conformity to the master plan the lots will still comply with the applicable area requirements. The action of the Commission is not designed to keep the strip in an unimproved condition so that the cost of condemnation would be less. The setback provisions would prevent its development in any case. Moreover, it is not shown that the present or future value of the land would be diminished by compliance with the master plan and regulations. It may well be that its value would be enhanced or that the developer could recoup any additional expense from prospective lot purchasers.

Other courts have reached the conclusion that planning requirements under which developers record plats and obtain approval of roads and strips bordering on roads are within the police power and not compensable. See *Newton v. American Sec. Co.*, 148 S. W. 2d 311 (Ark.) ; *Ridgefield Land Co. v. City of Detroit*, 217 N. W. 58 (Mich.) ; *Ayres v. City Council of City of Los Angeles*, 207 P. 2d 1 (Cal.) ; *Bringle v. Board of Supervisors of County of Orange*, 351 P. 2d 765 (Cal.) ; cf. *Rosen v. Village of Downers Grove*, 167 N. E. 2d 230, 233 (Ill.). See also the cases in 11 A. L. R. 2d 524.

On the point as to limitation of access we think the regulations are sustainable under our prior decisions holding that there is no taking in a constitutional sense. See *Baltimore v.*

*Dobler,* 140 Md. 634; *Mayor & C. C. of Baltimore v. Himmelfarb,* 172 Md. 628; *Krebs v. State Roads Com'n,* 160 Md. 584; *Langley Shopping Center, Inc. v. State Roads Commission,* 213 Md. 230; *Turner v. State Roads Comm.,* 213 Md. 428. See also the cases cited in 4 Md. L. Rev. 219, and 73 A. L. R. 2d 652. Here again, the installation of service drives or similar street arrangements may prove to be beneficial to the owner as well as the general public and even enhance the value to the owner. At least there is no showing that the developer will suffer a loss by compliance with the regulations.

We find no merit in the contention that the Commission's action was unreasonable because there is no assurance that the State Roads Commission will ever widen the road and the Planning Commission has no authority to act in connection with the matter. Under Code (Supp. 1960), Art. 89B, sec. 7, the State Roads Commission is charged with the duty to select, construct, improve, and maintain a general system of improved State roads, "provided the State Roads Commission shall not make policy determinations relating to highway locations, schedulings, substitutions and priorities without first consulting and conferring with local area and municipal government officials." There is evidence in the record that the Planning Commission of Howard County had numerous conferences with the State Roads Commission to coordinate their road plans. It likewise appears that Howard County is undergoing a population explosion, like other metropolitan suburban areas, and the conditions laid down seem reasonably related to the traffic and other needs of the community at large. There is a foreseeable need for the widening of primary and arterial highways, including Montgomery Road, even though there is no immediate prospect of it. Section 158 of the local code clearly made it the function and duty of the Planning Commission to adopt a master plan showing "the general location, character, and extent of streets" and also the "relocation, widening, * * * change of use or extension of any of the foregoing ways * * *." Section 159 directed that the Commission "make careful and comprehensive surveys and studies of present conditions and future growth of

326

the County * * * including * * * adequate provisions for traffic * * *." There is no suggestion that the plan adopted did not comply with these conditions. The argument that the restrictions are arbitrary because the lots across the road are not restricted is without merit because those lots do not fall within the definition of subdivision in sec. 155 of the local code. Since the classification is reasonable and no abuse of discretion is shown, there is no violation of constitutional principle. Cf. *State Roads Comm. v. Franklin*, 201 Md. 549, 561.

*Order affirmed, with costs.*