Robert SYMONDS

v.

Erwin W. BUCKLIN and County of Montgomery, Maryland, a body politic, and Montgomery County Board of Appeals.

Civ. No. 12553.

United States District Court
D. Maryland.

Sept. 19, 1961.

Allen A. Sperling, Edward A. Dragon, and Sperling & Dragon, Silver Spring, Md., for plaintiff.

Alfred H. Carter, County Atty. for Montgomery County, Douglas H. Moore, Jr., and Richard J. Sincoff, Asst. County Attys., Rockville, Md., for defendants.

THOMSEN, Chief Judge.

This action questions the validity of sec. 107–4(e) (7) of the Montgomery County Zoning Ordinance as applied to certain commercial property and seeks a declaratory judgment and injunction restraining the county and its officials from disapproving his application for a building permit.[1]

The property in question is located on the northeast corner of Ellsworth Drive and Fenton Street, in Silver Spring, opposite the Hecht Department Store and near the important intersection of Georgia Avenue and Colesville Road. The owners of record are Beryl R. English and Kathleen C. English. The property fronts 117.6 ft. on Ellsworth Drive and 102.61 ft. on Fenton Street, and covers an area of 12,149 sq. ft. Since 1950 it has been subject to a "self-imposed" building restriction, contained in a recorded agreement between the Englishes and the owners of adjoining properties, which prohibits building over a 5 ft. strip along Ellsworth Drive and a 10 ft. strip along Fenton Street, reducing the area on

---

1. Defendants are Montgomery County, Maryland, the Director of the Montgomery County Department of Inspection and Licenses, and the Montgomery County Board of Appeals.

which a building may be erected to 10,585 sq. ft. The property is zoned C–2, General Commercial, and is presently used as a gasoline station. Many other commercial uses are permitted in a C–2 zone.

In 1957, pursuant to ch. 992, Laws of Maryland, 1943, as amended, and after due notice and public hearing, the Maryland National Capital Park and Planning Commission adopted a Master Plan of Streets and Highways for the Silver Spring business district. The Master Plan calls for the ultimate widening of both Fenton Street and Ellsworth Drive and proposes to take a 20 ft. strip from the property in question along Ellsworth Drive and a 10 ft. strip therefrom along Fenton Street.[2] The strip along Fenton Street is of the same width as the restriction imposed by the agreement, but the strip along Ellsworth Drive is 15 ft. wider, reducing the area on which a building permit may be granted by an additional 1,614 sq. ft.

Sec. 107–4(e) (7) of the Montgomery County Zoning Ordinance, headed "Master Highway Plans", provides:

"(a) In areas where a Master Plan of Highways has been duly adopted by the Commission as provided by Chapter 992 of the Laws of Maryland, 1943, as amended, showing a proposed new highway or street or a proposed relocation or widening of an existing highway or street, no building or part of a building shall be permitted to be erected within the lines of such proposed highway or street.

"(b) The owner of the property so affected, however, shall have the right to appeal the refusal of a building permit to the [County Board of Appeals] and the Board may grant a permit to build if it should find, upon the evidence and arguments presented to it upon such appeal, (a) that the entire property of the appellant of which the area affected by the Master Plan forms a part, cannot yield a reasonable return to the owner unless such appeal be granted, and (b) that balancing the interest of the general public in preserving the integrity of the plan and the interest of the owner of the property in the use and benefits of his property, the granting of such permit is required by consideration of reasonable justice and equity.

"(c) Before taking any action the Board shall hold a public hearing at which the parties in interest shall have an opportunity to be heard."

Any decision of the Board may be appealed to the Circuit Court for Montgomery County with a further right of appeal to the Court of Appeals of Maryland. Anno. Code of Md., 1957 ed., Art. 25A, sec. 5(U) ; Montgomery County Code, 1955 ed., Vol. 1, sec. 2–83. The statute provides that those review proceedings shall be exclusive. The scope of review is stated in sec. 2–83:

"The Circuit Court for the County * * * shall have power to affirm the decision of the Board, or if such decision is not in accordance with law, to modify or reverse such decision, with or without remanding the case for re-hearing, as justice may require."

The general provisions of the Zoning Ordinance applicable to C–2 zones include the following:

"The front building line shall be the front lot line of the lot and no front yard shall be required except that in areas where no master plan of highways, including detailed street plans thereof, has been adopted, the front building line shall be not less than sixty feet from the center line of any abutting street or highway." Sec. 107–15(d) (1), sec. 107–13(c) (1).

If sec. 107–4(e) (7) should be held invalid, the set-backs required by the general provisions of the Zoning Ordinance, quoted above, would be greater along

---

2. Fenton Street is now a little over 60 ft. wide, including sidewalks, and Ellsworth Drive 50 ft., where they abut the English property.

both Fenton Street and Ellsworth Drive than the set-backs called for by sec. 107–4 (e) (7).

On November 21, 1959, the plaintiff entered into a contract to purchase the property from the Englishes for $218,682. He made a deposit of $5,000, and agreed to pay $58,417 more on the date of conveyance and to give a mortgage for the balance. The settlement, however, has been extended from time to time, and apparently will be extended until this litigation is concluded. Plaintiff testified that he has discussed renegotiating the price with the owners but that no agreement has been reached. Although plaintiff has been active in the real estate business in Silver Spring for five years, he testified that he had not heard of the Master Plan for Streets and Highways before he purchased the property; he admitted having heard of the zoning ordinance.

In June 1960, plaintiff applied for a building permit for a three-story commercial building covering the entire tract of land, including the 10 ft. strip along Fenton Street and the 5 ft. strip along Ellsworth Drive which are restricted by the recorded agreement. The application was denied under the authority of sec. 107–4(e) (7). Plaintiff thereupon took an appeal to the County Board of Review, which, after a hearing, denied the appeal, saying: "In the absence of adequate evidence concerning the fair market value of the property and the cost of erecting a building other than a three story building on this tract as restricted, there is no basis upon which the Board can properly determine Appellant's anticipated return. Under these circumstances the Board is unable to conclude that the entire property of the Appellant cannot yield a reasonable return to the owner unless this appeal is granted."

Plaintiff took no appeal to the Circuit Court, but filed his complaint in this court. The complaint does not mention the set-back imposed by the recorded agreement; it alleges that, with the exception of the restrictions complained of, the property is not subject to any building restriction set-back from either Fenton Street or Ellsworth Drive. It further alleges that plaintiff is the equitable owner of the property; that if he is required to restrict his use of the property to the portion permitted by the Master Plan he will be unable to realize a reasonable return; and that the Ordinance will unreasonably restrict his use of his property for an indefinite period of time, since the County Department of Public Works has no immediate intention to widen the streets and sidewalks. Ignoring the recorded agreement, plaintiff alleges that "this restriction upon the use of 26% of plaintiff's property" for an indefinite time, with the resultant inability to realize a reasonable return on his property, amounts to a taking by Montgomery County of his property without just compensation, deprives him of his property without due process of law, and denies him the equal protection of the law; and that he has suffered and will continue to suffer irreparable injury.

Defendants filed a motion to dismiss, primarily on the ground that this court lacks jurisdiction because plaintiff has failed to exhaust his remedies in the Maryland courts. Judge Chesnut overruled that motion without prejudice. He held that the right of appeal to the state courts given by the statute is "of judicial and not legislative character",[3] and that a "litigant is not required to exhaust state *judicial* remedies before resorting to the federal courts." [4] Because the time for appeal from the action of the County Board of Appeals had expired, Judge

3. Citing White v. County Board of Appeals, 219 Md. 136, 148 A.2d 420; Muhly v. County Council of Montgomery County, 218 Md. 543, 147 A.2d 735; Prentis v. Atlantic Coast Line, 211 U.S. 210, 29 S.Ct. 67, 53 L.Ed. 150; Bacon v. Rutland Railroad Co., 232 U.S. 134, 34 S.Ct. 283, 58 L.Ed. 538.

4. Citing Lane v. Wilson, 307 U.S. 268, 59 S.Ct. 872, 83 L.Ed. 1281; Carson v. Warlick, 4 Cir., 238 F.2d 724; Robinson v. Board of Education of St. Mary's County, D.Md., 143 F.Supp. 481; Moore's Federal Practice, Vol. I, p. 2023.

Chesnut felt that he should not defer final adjudication pending possible recourse to and consideration by the state courts. Finally, he concluded that the legal merits of the motion to dismiss were not sufficiently clear to warrant dismissal of the suit at that time.

At the trial before me plaintiff failed to prove the allegations of his complaint or any facts entitling him to relief. In the first place, I doubt whether the contract of sale between plaintiff and the Englishes was intended to be legally binding unless plaintiff succeeds in obtaining the desired permit. And I do not believe that plaintiff, who is an experienced real estate operator in Silver Spring, had not heard of the Master Plan of Streets and Highways, nor that he purchased the property in question without checking the Master Plan. It is doubtful, therefore, whether plaintiff has any standing to maintain this action. Serio v. Mayor & City Council of Baltimore, 208 Md. 545, 119 A.2d 387. But assuming that he has standing, he has not proved a case which entitles him to relief under the applicable principles of law.

■■ Zoning regulations, according to a comprehensive plan and in the general public welfare, may place restrictions on the use of property, even though the restrictions result in serious financial loss to the owner. Krieger v. Planning Commission of Howard County, 224 Md. 320, 167 A.2d 885. See also Euclid, Ohio v. Ambler Realty Company, 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303, and Berman v. Parker, 348 U.S. 26, 75 S.Ct. 98, 99 L. Ed. 27. Highway plans, similar to the plan in question here, are within the police power. State ex rel. Miller v. Manders, 2 Wis.2d 365, 86 N.W.2d 469; Headley v. City of Rochester, 272 N.Y. 197, 5 N.E.2d 198. See also Gorieb v. Fox, 274 U.S. 603, 47 S.Ct. 675, 71 L.Ed. 1228. In the light of these authorities, it is clear that the Montgomery County ordinance is not unconstitutional on its face. The question remains whether it has been so applied in this case as to render it unconstitutional.

■■ A zoning ordinance which permanently restricts the use of property so that it cannot be used for any reasonable purpose goes beyond permissible regulation and must be regarded as a taking of property without just compensation. Congressional School of Aeronautics v. State Roads Commission, 218 Md. 236, 146 A.2d 558. Zoning cannot be used as a substitute for eminent domain proceedings to defeat the payment of just compensation by depressing values and so reducing the amount of damages to be paid when private property is to be taken for public use. Krieger v. Planning Commission of Howard County, supra; Congressional School of Aeronautics v. State Roads Commission, supra. But plaintiff has not shown that the Montgomery County zoning ordinance had that purpose or effect as applied to the property in question.

■ As noted above, if the set-backs required by the Master Plan should be held invalid, the set-backs required by the general provisions of the zoning ordinance, quoted above, would be greater along both Fenton Street and Ellsworth Drive than the set-backs called for in the Master Plan. Plaintiffs have not questioned the validity of the general set-back provisions of the zoning ordinance, and it does not appear that there are any grounds for such an attack. Gorieb v. Fox, supra.

The Supreme Court of the United States has recently stated, in United States v. Central Eureka Mining Co., 357 U.S. 155, at page 168, 78 S.Ct. 1097, at page 1104, 2 L.Ed.2d 1228: "Traditionally, we have treated the issue as to whether a particular governmental restriction amounted to a constitutional taking as being a question properly turning upon the particular circumstances of each case. See Pennsylvania Coal Co. v. Mahon, 260 U.S. 393, 416 [, 43 S.Ct. 158, 160, 67 L. Ed. 322]. In doing so, we have recognized that action in the form of regulation can so diminish the value of property as to constitute a taking. E. g. United States v. Kansas City [Life] Ins. Co,

339 U.S. 799 [, 70 S.Ct. 885, 94 L.Ed. 1277]; United States v. Causby, 328 U.S. 256 [, 66 S.Ct. 1062, 90 L.Ed. 1206]. However, the mere fact that the regulation deprives the property owner of the most profitable use of his property is not necessarily enough to establish the owner's right to compensation." [5]

Plaintiff has not denied that there are uses from which he could realize a reasonable net return on the value of the property. He testified that he purchased the property for a particular purpose and has ignored other possible uses. He has not proved that he cannot receive a reasonable return from a building constructed on the unrestricted area alone.

After considering the testimony of all the witnesses,[6] I find that the fair value of the property is considerably less than $218,000, and that a reasonable return on its fair value can be realized from an office building constructed within the approved limits, as suggested by defendants' witnesses.

Moreover, I do not find that the proposed building for which plaintiff made application was seriously intended. No prospective tenants for the proposed store or theatre under the store have been contacted. The plans were prepared hurriedly by an architect without regard either to the Master Plan or to the self-imposed restriction, and neither plaintiff nor his architect has considered modifying the plans to adapt them to the usable area. And the evidence shows that it is very doubtful whether such an undertaking would be successful at that location.

The Director of Public Works of Montgomery County testified that the density of traffic in the area is such that the widening of Fenton Street and Ellsworth Drive will probably be completed within about five years. There is no reason to believe that plaintiff will not be able to obtain at that time, by negotiation or through condemnation proceedings, the fair value of the property which will be taken.

Plaintiff has not proved facts which entitle him to relief in this case.

#### Judgment and Order

Let judgment be entered for defendants, with costs.

---

5. See also State ex rel. Miller v. Manders, 2 Wis.2d 365, at page 373, 86 N.W.2d 469, at page 474.

6. In general, I accept the testimony of defendants' witnesses rather than the testimony of plaintiff and his witnesses.