County Area Planning — Setback Lines — Proposed Highways The adoption of building setback lines along proposed, as well as present, highway alignments will require property owner to respect these lines in metropolitan area planning areas. The Attorney General has had under consideration your letter dated July 18, 1968, requesting an official opinion. You relate: "Rogers County Metropolitan Area Planning Commission will adopt building setback lines generally along section line roads and present highway alignments; however, our maps include some proposed alignments which are not on section lines or present alignments nor is there any County, State or Federal Ownership of right of way or surveys establishing center lines." You then ask: "Will the adoption of building setback lines require property owners to respect these lines where they occur other than on section line roads or other present highway or road alignments?" Title 19 O.S. 866.14 [19-866.14] (1961), provides in pertinent part: "Wherever a plan for major streets and highways has been adopted and fled by the Commission, the Council and Board, upon recommendations of the Commission, are hereby authorized and empowered to establish, regulate, and limit, and to change and amend, building line or setback regulations on such major streets and highways, and to prohibit any new building being located within such building or setback lines within the area. . . . Regulations authorized by this Section shall not be adopted, changed, or amended by the Council or Board until a public hearing has been held thereon by the Commission." (Emphasis added) Title 19 O.S. 866.15 [19-866.15] (1961), provides in pertinent part: "After the Council or Board shall have established building or setback lines on such major highways, no new building or structure shall be erected within such building or setback lines in the area and no permit for such building shall be issued . . . by the County Inspecting Officer appointed by the board to administer and enforce building line and setback regulations and other regulations for the county, as respects the territory over which the county shall have enforcement jurisdiction. . . ." Further authority is granted to Rogers County in 19 O.S. 866.2 [19-866.2] (1967), which provides: ". . . In every county of this state having an upstream terminal port and turnaround where navigation ends, or in any county containing all or any part of a reservoir or reservoirs constructed by the United States Army Corps of Engineers or by the Grand River Dam Authority, such county is hereby granted authority, at the discretion of the Board of County Commissioners, to establish zoning regulations, . . . adopt, amend, extend, add to, or carry out, throughout the unincorporated area of the county, additional elements of a comprehensive plan including, but not limited to, plans for major streets and highways and other elements of water, rail, air and land transportation plans, public facilities plans, capital improvement programs, uniform regulations for land subdivision and for the improvements located thereon, building line regulations, and conservation plans. . . ." (Emphasis added) Title 19 O.S. 866.18 [19-866.18] (1961), provides: "Prior to the adoption of any zoning regulations the Board, as it affects its jurisdiction, shall request the Commission to recommend the boundaries of various districts and appropriate regulations to be enforced therein. The Commission shall make a preliminary report of its recommendations for such zoning regulations and shall hold one or more public hearings thereon. Such hearings may be adjourned from time to time. Within ninety (90) days after the final adjournment of such hearings, the Commission shall make its final report to the Board, together with a summary of the results of the public hearings, its proposed zoning regulations, map or maps, and suggested resolution. The Board may then adopt the proposed regulations or refer them both to the Commission for further consideration." Although there are no Oklahoma cases dealing specifically with setback lines along proposed highways, the validity of such ordinances has been upheld in other jurisdictions where there has been a full hearing of the parties interested and then the fling of a map showing the master plans for the future development of such streets. Symonds v. Bucklin, Maryland, 197 F. Supp. 682. Windsor v. Whitby, 95 Conn. 357,111 A. 354., 12 A.L.R. 669. From the above statutes, it is clear that the Rogers County Metropolitan Area Planning Commission has been granted the authority and power to adopt building setback lines along proposed as well as present highway alignments provided that all of the procedural aspects such as hearings, fling of master plan and maps and the adoption of regulations by the Board as set out in the Act have been followed. (We do not herein purport to express any opinion on the compensation in the form of damages, or otherwise, to which an affected landowner might be entitled under such proceedings.) It is therefore the opinion of the Attorney General that your question should be answered in the affirmative. The adoption of building setback lines along proposed as well as present highway alignments will require property owners to respect these lines. (W. J. Monroe)