946 F.2d 885
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Irvin B. GORDON, Peggy T. Gordon, Plaintiffs-Appellants,
v.
BOARD OF ZONING APPEALS, Carroll County, Maryland, John
Totura, Albert W. Selby, John B. Fitz, Defendants-Appellees.
 No. 90-2516.
 United States Court of Appeals, Fourth Circuit.
 Argued May 8, 1991.
Decided Oct. 10, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Herbert F. Murray, Senior District Judge. (CA-88-119-HM)
 Argued: Edwin Vieira, Jr., Independent Hill, Va., for appellants.
 Charles W. Thompson, Jr., County Attorney, Westminster, Md., for appellees.
 On Brief: Tracy E. Mulligan, Rockville, Md., for appellants.
 Francis A. Sauer, Baltimore, Md., for appellees.
 D.Md.
 AFFIRMED.
 Before ERVIN, Chief Judge, K.K. HALL, Circuit Judge, and KELLAM, Senior United States District Judge for the Eastern District of Virginia, Sitting by Designation.
 OPINION
 PER CURIAM:
 
 
 1
 Complaining of the action of the district court in granting defendant's motion for summary judgment in their request for conditionaluse zoning, Irving B. Gordon and Peggy T. Gordon (Gordons) bring this appeal. Finding no error, we affirm.
 
 I.
 
 2
 Seeking a conditional-use zoning permit to establish a private croquet and bridge club, including a pro shop, dining facilities and lounge, and a catering business which would use the facilities of the club for off-premises catering, the Gordons filed their application with the Board of Zoning Appeals for Carroll County, Maryland (Board). The property which they then owned, and additional property which they were acquiring, was zoned residential and located in a residential area. After two days of hearings on the application, the Board denied the permit. The Gordons appeal of the Board's decision to the Circuit Court of Carroll County was dismissed for failure to comply with the applicable rules. They did not seek an appeal to the Court of Special Appeals as permitted by statute. Some two years after the circuit court dismissed their case, the Gordons filed this action against the Board and its individual members for declaratory and injunctive relief and compensatory and punitive damages pursuant to 42 U.S.C. §§ 1983, 1985(3), 1986 and 1988. Attached to and a part of the complaint was a copy of the decision of the Board denying the zoning permit. The Gordons contended that the permit was denied because they would not agree to improve a private road to meet county standards and that such constituted a taking of their property. Defendants filed a motion to dismiss or, in the alternative, for summary judgment. The matter was referred to the Magistrate Judge to conduct proceedings and submit recommendations for disposition of the motions. Finding no dispute of a material fact, the Magistrate Judge filed a report and recommendation that defendants' motion for summary judgment be granted. Following de novo review of the report and plaintiffs' exception thereto, the court granted the summary judgment.
 
 
 3
 The Magistrate Judge characterized and the court agreed that the Gordons were seeking to establish a claim under the Takings Clause of the Fifth Amendment.
 
 
 4
 The property in question adjoined what was known as Strawberry Estates subdivision. The Gordons were to construct two croquet courts and a building some 40 by 80 feet. The ground floor would include a 50 seat lounge, the first floor would have a dining room with some 86 seats, and food preparation areas would be on each floor. Vehicular access would be through two streets in the aforesaid subdivision and what was described as a privately owned unimproved road which had been opened and used for many years. The Gordons contemplated improving the portion of the unimproved road with tar and chips, which was inconsistent with the then existing construction of Strawbridge Terrace and the county standards for construction of county roads.
 
 
 5
 The Board found that reliance upon Placid Drive for vehicular access to and from the site, a distance of about one-half of a mile from Sykesville Road, would substantially change the residential character of vehicular traffic on Placid Drive and likely result in traffic congestion at the intersection of Sykesville Road which was controlled only by a stop sign on Placid Drive. The Board further found that since there are presently no sidewalks in the area, students attending Freedom Elementary School and Liberty High School use the road in question and the streets which give access to the proposed project in walking to and from school; and because the proposed project would generate substantial increase in vehicular traffic to and from the site, the safety of students walking to either school would be of special concern. The Freedom Swim Club property was also nearby. The Board concluded that based on the findings regarding traffic conditions and facilities and the purpose of the zoning ordinance regulations, the conditional-use permit was denied. The Magistrate Judge's findings, confirmed and adopted by the district judge, set forth that the Board determined that in light of the residential character of the area and the proximity of neighborhood schools, the major concern was the need to provide vehicular access for substantial increase in traffic that would be generated by the construction of the project.
 
 
 6
 Appellants assert that the Board's denial of their conditional-use zoning permit was grounded in their refusal to improve the unpaved road to meet county standards and that such constituted a violation of the Takings Clause of the Fifth Amendment. The district court found that the denial did not violate the Takings Clause of the Fifth Amendment, that the condition imposed by the Board was reasonably related to the legitimate police-powers of the county and fell within the purpose of the zoning restrictions, and that the conditional-use requirement of improving the access road to meet county standards was reasonably related to reducing traffic on the existing roads in the area and the preservation of the residential character of the neighborhood. Such a holding is supported by the facts of the case.
 
 
 7
 Zoning is traditionally a governmental task requiring the "balancing [of] numerous competing considerations" and the courts should properly "refrain from reviewing the merits of [such] decisions, absent a showing of arbitrariness or irrationality" (citations omitted). Larkin v. Grendel's Den, Inc., 459 U.S. 116, 121 (1982). The Supreme Court pointed out in Nollan v. California Coastal Commission, 483 U.S. 825, 834 (1987):
 
 
 8
 We have long recognized that land-use regulation does not effect a taking if it "substantially advance[s] legitimate state interests" and does not "den[y] an owner economically viable use of his land." Agins v. Tiburon, 447 U.S. 255, 260 (1980).
 
 
 9
 While its cases have not elaborated on the standards for determining what constitutes a "legitimate state interest", its cases have "made clear, however, that a broad range of governmental purposes and regulations satisfies these requirements." (Citations omitted). Id.
 
 
 10
 To be sure, "zoning 'interferes' significantly with the owners' uses of property. It is hornbook law that '[m]ere diminution of market value or interference with the property owner's personal plans and desires relative to his property is insufficient to invalidate a zoning ordinance or to entitle him to a variance or rezoning.' " (citation omitted). City of Eastlake v. Forest City Enterprises, Inc., 426 U.S. 668, 674, n. 8 (1976).
 
 
 11
 The Court of Appeals of Maryland in Kriger v. Planning Commission of Howard County, 224 Md. 320, 167 A.2d 885 (1961), pointed out that the power of a municipal corporation to impose reasonable conditions upon the issuance of a permit could hardly be doubted; that if it had the authority to adopt zoning regulations, it was not arbitrary to enforce them by denying approval of a plan which did not conform. 167 A.2d at 886. The trial court found that conditions here imposed were reasonable, were reasonably related to the zoning, were within the police power and nothing in the record suggests that the commission acted in bad faith or abused its discretion. The decision of the trial court is affirmed.
 
 
 12
 AFFIRMED.